**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02838-CMA-BNB

ROSSI VENTURES, INC., and
Y. MELINDA PASQUINI,

      Plaintiffs,

v.

ANTONIO PASQUINI,
PASQUINI FRANCHISING, LLC,
PASQUINI'S RESTAURANTS, LLC,
PASQUINI'S CHERRY CREEK, LLC,
PASQUINI'S 17th, LLC, and
PASQUINI'S COLFAX, LLC,

      Defendants.

---

**ORDER ON MOTION FOR CONTEMPT CITATION,
CERTIFICATION OF FACTS, AND RELATED FILINGS**

---

This matter is before the Court on Plaintiffs' "Motion for Contempt Citation" (Doc. # 108) and the several other filings Plaintiff's motion has engendered: United States Magistrate Judge Boyd N. Boland's "Certification of Facts Pursuant to 28 U.S.C. § 636(e)(6)" (Doc. # 118); Defendants Antonio ("Tony") Pasquini's and Pasquini Franchising, LLC's "Objections to United States Magistrate Judge's Certification of Facts Pursuant to 28 U.S.C. § 636(e)(6)" (Doc. # 123); Plaintiffs' "Motion to Strike Defendants' Objections to Certification of Facts" (Doc. # 127); and Defendants' "Motion to Dissolve or Modify Injunction" (Doc. # 129). The Court's disposition of these filings is discussed in detail below.

## I. __BACKGROUND__[1]

After a three-day evidentiary hearing in February of this year, Judge Boland issued a Recommendation (Doc. # 56) on Plaintiffs' "Motion for Preliminary Injunction" (Doc. # 14).  Judge Boland recommended that the Court grant Plaintiffs' motion such that "defendants [Tony Pasquini and Pasquini Franchising, LLC], their officers, agents, servants, employees, and all other persons in active concert or participation with them, be preliminarily enjoined from use of the name 'Pasquini's Pizzeria' or any variation thereof in connection with the operation of the restaurant located at 240 Milwaukee Street, Denver, Colorado" (which has subsequently been re-named "Tony P's").  (*Id.* at 20.)  The Recommendation was based, in part, on Judge Boland's finding that, despite Plaintiff Melinda Pasquini having purchased "[t]he use of the name(s) 'Pasquini's Pizzeria' or any variation thereof" in 2004, she later acquiesced in Defendant Tony Pasquini's "use of the Pasquini Pizzeria mark in connection with stores distant from her exclusive area," but that "Tony exceeded the scope of Melinda's consent . . . when he opened [Tony P's] within her exclusive area."  (*Id.* at 5–6, 18.)

This Court adopted and affirmed Judge Boland's Recommendation, stating in pertinent part that Defendants and "their officers, agents, servants, employees, and all other persons in active concert or participation with them, [are] preliminarily enjoined from use of the name 'Pasquini's Pizzeria' or any variation thereof in connection with the operation of [Tony P's]."  (Doc. # 78 (citation omitted).)

---

[1] The facts and procedural history of this case are well known to the parties and will be repeated here only to the extent that they pertain to the pending motions or Judge Boland's certification of facts.

On August 29, 2012, two months after this Court's Order, Plaintiffs filed a motion for contempt citation, based on Defendants Tony Pasquini's and Pasquini Franchising, LLC's "multiple and ongoing violations" of this Court's Order.  (Doc. # 108 at 1.)  After the motion was fully briefed,[2] Judge Boland conducted a full-day evidentiary hearing on October 3, 2012.  (Doc. ## 116 and 121.)  The next day, Judge Boland certified facts to this Court under 28 U.S.C. § 636(e)(6).  (Doc. # 118.)  As relevant here, Judge Boland found and certified that:

- in 2004, Plaintiffs acquired "[t]he use of the name(s) 'Pasquini's Pizzeria' or any variation thereof" (*id.* at 4 (quoting Doc. # 56 at 5–6));

- "[n]otwithstanding their purchase and ownership of the Pasquini's name, [P]laintiffs acquiesced in Tony Pasquini's use of the name Pasquini's in connection with four other restaurants – Pasquini's Uptown, Pasquini's Highlands, Pasquini's Lone Tree, and Pasquini's DTC" (*id.* at 4–5);

- "Tony Pasquini's use of the Pasquini name at [Tony P's] exceeded the scope of [P]laintiff's prior consent" (*id.* at 5);

- this Court entered a preliminary injunction by which Defendants were precluded from using "the name 'Pasquini's Pizzeria' or any variation thereof in connection with the operation of [Tony P's]" (*id.* at 4 (citing Doc. # 78));

- Defendants "had actual knowledge of the Preliminary Injunction" (*id.* at 4);

---

[2]  Defendants Tony Pasquini and Pasquini Franchising, LLC responded to Plaintiffs' motion on August 31, 2012 (Doc. # 110), to which Plaintiffs replied on September 4, 2012 (Doc. # 111).  Defendants thereafter submitted a "Supplemental Response in Opposition to Plaintiffs' Motion for Contempt Citation."  (Doc. # 119.)

- "[s]ubsequent to the entry of the Preliminary Injunction, the Pasquini Defendants have engaged in a marketing campaign using the tag line 'Restaurants by Tony Pasquini'" (*id.* at 5);

- "[t]he Restaurants by Tony Pasquini marketing campaign obviously and blatantly violates the Preliminary Injunction, and the Pasquini Defendants' interpretation of the Preliminary Injunction is unreasonable" (*id.* at 5–6);

- "[c]ross-marketing runs afoul of and violates the Preliminary Injunction where, as here, it takes the form of using the name 'Pasquini's' to advertise and promote 'the restaurant located at 240 Milwaukee Street,' now known as Tony P's" (*id.* at 7); and

- "the use of the name 'Pasquini's' in the Pasquini Defendants' marketing campaign is overwhelming and constitutes a prohibited use of the Pasquini's trademark in connection with the operation of Tony P's" (*id.*).

Judge Boland cited several instances supporting his determination that "the Pasquini Defendants are using a variation of the name 'Pasquini's Pizzeria' to advertise Tony P's . . . which is prohibited by the Preliminary Injunction." (*See id.*)  He ultimately concluded that: "[t]he Pasquini Defendants' failure to comply with the Preliminary Injunction . . . is not merely inadvertent" but, rather, demonstrates that they "made a conscious decision, based on an unreasonable interpretation of the Preliminary Injunction, to use a variation of the 'Pasquini's Pizzeria' trademark in connection with the operation of Tony P's"; "[t]he Pasquini Defendants have failed to comply with the Preliminary Injunction and have failed to demonstrate either that they cannot comply with the Preliminary Injunction

or have taken all reasonable steps to ensure compliance"; and "[t]he Pasquini

Defendants' deliberate uses of a variation of the 'Pasquini's Pizzeria' trademark in

connection with the operation of Tony P's . . . are acts of contempt." (*Id.* at 8 – 9.)

Thereafter, additional briefing ensued.  First, Defendants Tony Pasquini and

Pasquini Franchising, LLC objected to Judge Boland's certification of facts.[3]  (Doc.

# 123.)  Next, Plaintiffs moved to have the Court strike Defendants' objections to

Judge Boland's certification of facts.[4]  (Doc. # 127.)  Finally, Defendants filed a motion

to dissolve or modify the preliminary injunction.[5]  (Doc. # 129.)

## II.  DISCUSSION

Although Plaintiffs' motion for contempt citation prompted the subsequent filings,

disposition of the former depends on resolution of the latter.  Accordingly, the Court

begins with Judge Boland's certification of facts and Defendants Tony Pasquini's and

Pasquini Franchising, LLC's objections thereto.

## A.    CERTIFICATION OF FACTS AND RELATED OBJECTIONS

Under 28 U.S.C. § 636(e)(6), for acts that constitute civil contempt, the

magistrate judge to whom a matter has been referred

> shall forthwith certify the facts to a district judge and may serve or cause
> to be served, upon any person whose behavior is brought into question
> under this paragraph, an order requiring such person to appear before
> a district judge upon a day certain to show cause why that person should
> not be adjudged in contempt by reason of the facts so certified.  The

---

[3]  Plaintiffs responded to Defendants' objections on November 5, 2012.  (Doc. # 134.)

[4]  Defendants responded to Plaintiffs' motion to strike on October 23, 2012 (Doc. # 128),
to which Plaintiffs replied on November 5, 2012 (Doc. # 133).

[5]  Plaintiffs responded to Defendants motion on November 21, 2012.  (Doc. # 137.)

district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

As set forth above, Judge Boland adhered to this procedure in certifying the relevant facts to this Court.

In following this procedure, Judge Boland correctly explained that an injunction can be enforced through civil contempt. (Doc. # 118 at 3 (citing *Federal Trade Comm'n v. Kuykendall*, 371 F.3d 745, 749 (10th Cir. 2004)).) In a motion for civil contempt, plaintiffs have the "burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008) (quotation marks and citation omitted). The burden then shifts to the defendant "to show either that he had complied with the order or that he could not comply with it." *Id.*

Judge Boland also correctly noted that, in this case, the "thrust of the dispute" between the parties "is whether the admitted conduct violates the Preliminary Injunction," which this Court entered on June 28, 2012. (Doc. # 118 at 3 n.1.) Resolution of this dispute requires the Court to make a legal determination; as Defendants point out, "[w]hether an injunctive order is 'sufficiently specific' under [Fed. R. Civ. P.] 65(d) 'is a question of law.'" (Doc. # 123 at 4 (quoting *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1316 (10th Cir. 1998)).)

Accordingly, as a threshold matter, the Court determines that it need not conduct an evidentiary hearing to rule on Plaintiffs' contempt motion. Although § 636(e)(6)

6

contemplates such a hearing, holding one on the instant motion is unnecessary.  The

parties have already produced evidence, during an extended evidentiary hearing before

Judge Boland, which this Court has reviewed.  They have briefed the issues thoroughly

– both before and after the hearing.  And no party has requested an additional hearing.

Moreover, because the Court's determination hinges on a question of law, no additional

evidence is required.  *See Hart's Rocky Mountain Retreat, Inc., v. Gayhart*, No. 1:06-cv-

01235, 2007 WL 2491856, at *1 (D. Colo. Aug. 29, 2007) (unpublished) (in determining

the propriety of ruling on a motion for civil contempt, the court stated that "since there is

no dispute about any of the material facts, an evidentiary hearing is not necessary");

*Wyoming v. Livingston*, 443 F.3d 1211, 1224 (10th Cir. 2006) ("There is no need for

a court to hold an evidentiary hearing in a matter when there are no material facts in

dispute.").  As such, the Court turns to Defendants' objections.[6]

    At the outset, the Court notes that Defendants have previously raised (*see*

Doc. # 58), and the Court has rejected (*see* Doc. # 78), many of the same arguments

they advance here.  As such, and in the interest of efficiency, the Court declines to

re-examine in detail every assertion already raised.  Nonetheless, out of an abundance

of caution, the Court will address Defendants' principal arguments, even if doing so

requires traversing, again, trodden ground.

    To begin with, Defendants assert that Judge Boland's certification of facts

"makes a new finding of ownership of the Pasquini's Mark – a finding not previously

---

[6]  Because, as explained in the accompanying text, Defendants' objections fail to
dissuade the Court from adopting the facts certified by Judge Boland, the Court
assumes, without deciding, that Defendants' objections are procedurally proper under
28 U.S.C. § 636(e)(6).  As such, Plaintiffs' motion to strike will be denied as moot.

reflected in the Recommendation or Order." (Doc. # 123 at 11.)  However, the finding

at issue – "[P]laintiffs purchased from Tony Pasquini in 2004 and now own '[t]he use of

the name(s) 'Pasquini's Pizzeria' or any variation thereof'" – appears in, and in fact is

directly quoted from, Judge Boland's April 9, 2012 Recommendation.  (*See* Doc. # 118

at 4 (quoting Doc. # 56 at 5 – 6).)  As explained above, Judge Boland's Recommen-

dation was based, in part, on his findings that: Plaintiff Melinda Pasquini purchased

"[t]he use of the name(s) 'Pasquini's Pizzeria' or any variation thereof" in 2004; she

later acquiesced in Defendant Tony Pasquini's "use of the Pasquini Pizzeria mark in

connection with stores distant from her exclusive area"; and "Tony exceeded the scope

of Melinda's consent . . . when he opened [Tony P's] within her exclusive area."  (Doc.

# 56 at 5–6, 18.)  The Court accepted these findings in its June 28, 2012 Order.  As

such, the Court rejects Defendants' assertion that Judge Boland's certified finding

had been neither previously made by him nor affirmed and adopted by this Court.

Defendants further argue that Judge Boland erred in stating that Defendants'

current marketing campaign violates the preliminary injunction because (1) that

conclusion conflicts with the previous finding regarding Plaintiff Melina Pasquini's limited

acquiescence in Defendants' use of the Pasquini Pizzeria mark, and (2) no evidence

indicates that Tony P's "is calling itself Pasquini's or seeking an association with the

Pasquini's on Broadway" (which Plaintiff Melinda Pasquini owns).  (Doc. # 123 at 7–11.)

Neither argument is persuasive.

To begin with, Defendants premise the former argument on their assertion that

the preliminary injunction was focused solely on territory: "that the Cherry Creek

restaurant [*i.e.*, Tony P's] was too close to the claimed exclusive territory that Plaintiffs

alleged they purchased from [Defendants]."  (*Id.* at 5.)  This interpretation, however,

conflicts with what the Court actually said: that is, Defendants and "their officers, agents,

servants, employees, and all other persons in active concert or participation with them,

are preliminarily enjoined from use of the name 'Pasquini's Pizzeria' or any variation

thereof in connection with the operation of [Tony P's]."  (Doc. # 78 (brackets and citation

omitted).)  Defendants' interpretation also ignores the "safe distance rule," as Plaintiffs

note.  (Doc. # 134 at 5 (citing *Supershuttle Int'l Inc. v. Schafer-Schonewill & Assocs.*

*Inc.*, No. CIV. A. 95-D-2272, 1995 WL 880778, at *1 (D. Colo. Nov. 17, 1995)

(unpublished) ("as infringers, the Defendants had and have an affirmative duty to and

must stay a 'safe distance' away from the Plaintiffs' . . . service mark")).)  Again, under

the preliminary injunction imposed by the Court, Defendants are obligated not to use the

name "Pasquini's Pizzeria" or any variation thereof in connection with the operation of

Tony P's.  This clearly precludes Defendants from promoting Tony P's through use of

the Pasquini's name – a tactic Defendants employed in their marketing campaign well

after issuance of the preliminary injunction.

Because Defendants' use of this tactic is readily apparent in their marketing

campaign, the Court rejects their assertion that no evidence indicates Tony P's is

"seeking an association with the Pasquini's on Broadway."  (Doc. # 123 at 9.)  Judge

Boland found, and the Court agrees, that "the use of the name 'Pasquini's' in the

Pasquini Defendants' marketing campaign is overwhelming and constitutes a prohibited

use of the Pasquini's trademark in connection with the operation of Tony P's."  (Doc.

# 118 at 7). An example of this prohibited use appears at Doc. # 108-1, which is an

August 27, 2012 screenshot of the "Restaurants by Tony Pasquini" homepage. As

Judge Boland found, "the name 'Pasquini's' appears in logo form seven times." (Doc.

# 118 at 7.) "The word 'Pasquini' appears in the advertisement at least 28 times"; by

contrast, "[t]he name 'Tony P's' . . . appears only five times." (*Id.*) A clearer example of

Defendants promoting Tony P's through use of the Pasquini's name would be difficult to

imagine.[7]

  Finally, Defendants argue that "the Order should not be expanded given

Plaintiffs' inequitable conduct . . . ." (Doc. # 123 at 13 (emphasis deleted).) According

to Defendants, such conduct purportedly occurred as a result of an alleged attorney/

client relationship between Plaintiff Melinda Pasquini and Defendant Tony Pasquini.

(*See id.* at 13 – 15.) As an initial matter, the Court notes that Plaintiffs have not

requested, nor is the Court permitting, an expansion of the Court's June 28, 2012 Order,

which simply adopted and affirmed Judge Boland's Recommendation to grant Plaintiffs'

motion for preliminary injunction. In any event, Defendants' argument is irrelevant to

Judge Boland's certification of facts and to the issues specifically raised by Plaintiffs in

their motion for contempt citation. Instead, the "public interest" concerns asserted by

Defendants go the merits of the preliminary injunction. (*See id.* at 13 (citing *Flood v.*

*ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010) (party moving for

---

[7] Defendants argue that prohibiting such cross-marketing is improper because the injunction was not aimed at Defendants' non-Cherry Creek restaurants. (Doc. # 123 at 8.) But Plaintiffs have not challenged Defendants' use of the mark in connection with their non-Cherry Creek restaurants. (*See, e.g.*, Doc. # 134 at 5 – 6.) To the extent that any limitation on Defendants' marketing impacts those restaurants, the fault lies with Defendant Tony Pasquini for exceeding the scope of Plaintiff Melinda Pasquini's consent when he opened the restaurant now known as Tony P's.

preliminary injunction must show that "the injunction, if issued, will not adversely affect

the public interest")).)  In fact, Defendants previously raised such concerns in response

to Plaintiffs' motion for preliminary injunction (*see* Doc. # 18 at 12 – 14); they persuaded

neither Judge Boland nor this Court and, again, fail to do so here.[8]

For the foregoing reasons, the Court concludes that its June 28, 2012 Order, and

Judge Boland's April 9, 2012 Recommendation, were sufficiently specific under Fed. R.

Civ. P. 65(d) to convey to Defendants that they were obligated not to use the name

"Pasquini's Pizzeria" or any variation thereof in connection with the operation of Tony

P's.  As such, and in light of Judge Boland's certification of facts, which the Court

adopts in whole by incorporation herein, Defendants were prohibited from promoting

Tony P's through use of the Pasquini's name.  Plaintiffs have proven, by clear and

convincing evidence, that Defendants violated the Court's Order through their marketing

campaign, with numerous examples cited by Judge Boland.

Further, Defendants have failed to show either that they complied with the

injunction or that they could not do so.  In fact, Plaintiffs have continuously pointed out

instances in which Defendants' compliance with the injunction has been lacking.  (*See,*

*e.g.*, Doc. # 108 at 3.)  In virtually every instance, Defendants' response has shown both

that Plaintiffs' allegation of noncompliance was correct and, also, that compliance could

be effectuated in a short period of time.  (*See, e.g.*, Docs. ## 110 at 4; 123 at 4 – 5.)

---

[8]  Moreover, whether Defendants are entitled to any relief based on the attorney/client
arguments they raise here is the proper subject of a malpractice suit, which Defendants
inform the Court they have filed against Plaintiff Melinda Pasquini and the law firm for
whom she works.  (Doc. # 123 at 13 n.11.)

Accordingly, Defendants' repetitive use of a variation of the "Pasquini's Pizzeria" trademark in connection with the operation of Tony P's constitutes acts of contempt.

**B.      MOTION TO DISSOLVE OR MODIFY INJUNCTION**

Raising highly similar arguments to those asserted in their objections to Judge Boland's certification of facts, Defendants move the Court to dissolve or modify the preliminary injunction.  (Doc. # 129.)  Defendants assert that, if the Court determines "that cross-marketing is prohibited by the Order, and that Plaintiffs own the Pasquini's Pizzeria name[,]" such a decision would "be a changed condition that warrants dissolving or modifying the Order entering the preliminary injunction . . . ."  (*Id.* at 2.) However, as recounted in this Order, Defendants have been on notice since April 9, 2012, of Judge Boland's finding, which this Court subsequently adopted, that Plaintiff Melinda Pasquini purchased "[t]he use of the name(s) 'Pasquini's Pizzeria' or any variation thereof" in 2004.  (Doc. # 56 at 5–6.)  Additionally, as also related in the discussion above, the injunction, which precluded Defendants from using "the name 'Pasquini's Pizzeria' or any variation thereof" in connection with the operation of Tony P's (*see* Doc. # 78), prohibited Defendants from promoting Tony P's through use of the Pasquini's name, which Defendants clearly did through their marketing campaign. As such, no changed circumstances exist through which Defendants could be entitled to a dissolution or modification of the preliminary injunction.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, it is ORDERED that United States Magistrate Judge

Boyd N. Boland's "Certification of Facts Pursuant to 28 U.S.C. § 636(e)(6)" (Doc. # 118)

is ADOPTED in whole by this Court.  In agreement with the certification of facts, as

detailed above, it is

FURTHER ORDERED that Plaintiffs' "Motion for Contempt Citation" (Doc. # 108)

is GRANTED.  It is

FURTHER ORDERED that Defendants Tony Pasquini's and Pasquini

Franchising, LLC's "Objections to United States Magistrate Judge's Certification of

Facts Pursuant to 28 U.S.C. § 636(e)(6)" (Doc. # 123) are OVERRULED.  As such, it is

FURTHER ORDERED that Plaintiffs' "Motion to Strike Defendants' Objections to

Certification of Facts" (Doc. # 127) is DENIED AS MOOT.  It is

FURTHER ORDERED that Defendants' "Motion to Dissolve or Modify Injunction"

(Doc. # 129) is DENIED.

Accordingly, having found Defendants Tony Pasquini and Pasquini Franchising,

LLC in contempt of the preliminary injunction and this Court's prior Order, the Court

further FINDS and HOLDS these Defendants jointly and severally liable to Plaintiffs for

their costs and attorneys' fees incurred in connection with their motion for contempt

citation and the subsequent filings and hearings on this issue.  As such, it is

FURTHER ORDERED that within ten days of the entry of this Order, Plaintiffs

shall file and serve a declaration reciting all of their associated costs and attorneys'

fees.  Within ten days of service of Plaintiffs' declaration, Defendants Tony Pasquini and

Pasquini Franchising, LLC shall complete payment of the full amount to Plaintiffs or file good faith objections with this Court.  It is

FURTHER ORDERED that, in conjunction with Plaintiffs' request for "such other relief as the Court deems appropriate," the Court permits Plaintiffs the opportunity, upon further briefing, to move for an order of civil contempt sanctions.  Such a motion, if Plaintiffs choose to file one, must be submitted within fourteen days of the entry of this Order.

DATED:  November __28__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge