IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-02838-CMA-BNB

ROSSI VENTURES, INC., and
Y. MELINDA PASQUINI,

    Plaintiffs,

v.

ANTONIO PASQUINI,
PASQUINI FRANCHISING, LLC,
PASQUINI'S RESTAURANTS, LLC,
PASQUINI'S CHERRY CREEK, LLC,
PASQUINI'S 17th, LLC, and
PASQUINI'S COLFAX, LLC,

    Defendants.

---

**ORDER DENYING DEFENDANTS'
MOTION TO STAY CASE PENDING APPEAL**

---

This matter is before the Court on Defendants' "Motion to Stay Case Pending Appeal." (Doc. # 145.) For the reasons discussed below, the motion is denied.

## I. BACKGROUND

After a three-day evidentiary hearing in February of last year, Judge Boland issued a Recommendation on Plaintiffs' "Motion for Preliminary Injunction" (Doc. # 14). (Doc. # 56.) Judge Boland recommended that the Court grant Plaintiffs' motion such that "defendants [Tony Pasquini and Pasquini Franchising, LLC], their officers, agents, servants, employees, and all other persons in active concert or participation with them, be preliminarily enjoined from use of the name 'Pasquini's Pizzeria' or any variation

thereof in connection with the operation of the restaurant located at 240 Milwaukee Street, Denver, Colorado" (which has subsequently been re-named "Tony P's").  (*Id.* at 20.)  The Recommendation was based, in part, on Judge Boland's finding that Plaintiff Melinda Pasquini had purchased "[t]he use of the name(s) 'Pasquini's Pizzeria' or any variation thereof" in 2004 but had later acquiesced in Defendant Tony Pasquini's "use of the Pasquini Pizzeria mark in connection with stores distant from her exclusive area." (*Id.* at 5–6, 18.)  However, Judge Boland also found that "Tony exceeded the scope of Melinda's consent . . . when he opened [Tony P's] within her exclusive area." (*Id.* at 18.)

On June 28, 2012, this Court adopted and affirmed Judge Boland's Recommendation, stating that Defendants and "their officers, agents, servants, employees, and all other persons in active concert or participation with them, [are] preliminarily enjoined from use of the name 'Pasquini's Pizzeria' or any variation thereof in connection with the operation of [Tony P's]."  (Doc. # 78 (citation omitted).)  Defendants did not appeal the Court's Order.

More than four months later, on October 30, 2012, Defendants filed a "Motion to Dissolve or Modify the Preliminary Injunction."  (Doc. # 129.)  They premised their motion on Judge Boland's October 4, 2012 "Certification of Facts" (Doc. # 118), which pertained to a related contempt proceeding Plaintiffs had initiated against Defendants (*see* Doc. # 108).  On November 28, 2012, the Court denied Defendants' motion to modify or dissolve the injunction, explaining that "no changed circumstances" had

occurred since entry of the preliminary injunction "through which Defendants could be entitled to a dissolution or modification of the preliminary injunction." (Doc. # 139 at 12.)

On December 6, 2012, Defendants filed a notice of appeal, pursuant to 28 U.S.C. § 1292(a)(1), as to the Court's November 28, 2012 Order. (Doc. # 141.) On December 13, 2012, Defendants filed the instant motion, which is ripe for review.[1]

## II. DISCUSSION

Under 28 U.S.C. § 1292(a)(1), "the courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . refusing to dissolve or modify injunctions . . . ." However, such jurisdiction is informed by at least the following two considerations. First, review of the denial of a motion to dissolve or modify an injunction ordinarily "does not extend to the propriety of the original order, but is confined to the propriety of refusing to modify or dissolve in light of any new matter offered to support the motion." 16 Wright & Miller, *Federal Practice and Procedure* § 3924.2, at 208-09 (1996) (citing cases); *Merrell-National Labs., Inc. v. Zenith Labs., Inc.*, 579 F.2d 786, 791 (3d Cir. 1978) ("The purpose of the motion to modify an injunction is to demonstrate that changed circumstances make the continuation of the order inequitable. The motion does not force the trial judge to permit relitigation of his original determination of the injunction . . . and should not serve as an avenue of untimely review of that determination.") Accordingly, assuming the Tenth

---

[1] Plaintiffs filed their response to the motion on January 2, 2013 (Doc. # 154), to which Defendants replied on January 4, 2013 (Doc. # 156).

Circuit has jurisdiction at all in this matter,[2] the issue on appeal is not whether the Court erred in entering the preliminary injunction in the first place but, rather, whether the Court erred in declining to modify or dissolve the injunction after it had been entered. As such, the Court will refrain from commenting or acting upon only the issue currently on appeal.

---

[2] Whether the Tenth Circuit has jurisdiction over Defendants' appeal is uncertain. Appellate courts "do not have interlocutory jurisdiction to review a district court order denying a request for reconsideration of a previously granted preliminary injunction." *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 414 (6th Cir. 2012); *Weight Watchers Intern., Inc. v. Luigino's, Inc.*, 423 F.3d 137, 142 (2d Cir. 2005) ("An order reconsidering or interpreting a preliminary injunction . . . is not appealable."). To determine if an order falls within § 1292(a) or, in the alternative, is merely an order denying a request for reconsideration of an already entered preliminary injunction, courts "look beyond the motion's caption to its substance." *Favia v. Indiana Univ. of Penn.*, 7 F.3d 332, 337 (3d Cir. 1993); *accord Gooch*, 672 F.3d at 414; *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) ("If we did not look at the substance of the motion, a preliminary injunction would forever be subject to challenge and appeal."); *Weight Watchers*, 423 F.3d at 141 ("Whether an order interprets or modifies an injunction is determined by its actual effect.").
    Power to dissolve or modify an injunction "springs from the court's authority 'to relieve inequities that arise after the original order.'" *Gooch*, 672 F.3d at 414 (quoting *Credit Suisse*, 400 F.3d at 1124). Where new circumstances "threaten to convert a previously proper injunction into an instrument of wrong, the law recognizes that judicial intervention may be necessary to prevent inequities." *Id.* (quotation marks and citations omitted). However, "[t]o obtain modification or dissolution of an injunction, a movant must demonstrate significant changes in fact, law, or circumstances since the previous ruling." *Id.* (quotation marks and citations omitted); *see Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 n.4 (9th Cir. 1984) ("the denial of a motion to modify or dissolve an injunction . . . will be appealable only if the motion raises new matter not considered when the injunction was first issued").
    In the instant case, and as previously mentioned, the Court denied Defendants' motion to dissolve or modify the preliminary injunction, finding that circumstances had not changed since entry of the injunction. (Doc. # 139 at 12.) Although the Court did not label Defendants' motion as one for reconsideration, the Court effectively treated it as such, noting on several occasions that Defendants' were attempting to relitigate issues that the Court had already decided. (*See, e.g.*, *id.* at 7, 12.) If the Tenth Circuit interprets the Court's order as deciding a request for reconsideration, then appellate jurisdiction would be lacking in this case, as Defendants did not timely appeal entry of the preliminary injunction, and § 1292(a) does not create a statutory basis for jurisdiction over an order "reconsidering or interpreting a preliminary injunction." *Weight Watchers*, 423 F.3d at 141.

Second, even when a party properly appeals the entry of a preliminary injunction, jurisdiction is not divested from the trial court as to all aspects of the case.  *See State of Colo. v. Idarado Min. Co.*, 916 F.2d 1486, 1490 n.2 (10th Cir. 1990) (noting that, when the appeal is from an injunction, "the district court retains power to act on the case pending appeal"); *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995) ("The District Court thus had jurisdiction to continue with the merits of the litigation while the appeal from the preliminary injunction was pending."); 11A Wright & Miller, *Federal Practice and Procedure* § 2962, at 438-39 (2d ed. 1995) ("An appeal from the grant or denial of a preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending.")  Defendants acknowledge this principle but argue that the Court retains jurisdiction over only a very narrow category of "peripheral matters."  (Doc. # 145 at 3 (citing *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990)).)  The Court finds Defendants' argument unconvincing.

Defendants' reliance on *Donges* (and other similar cases) is misplaced because the issue in *Donges* fell within the "collateral order" exception to 28 U.S.C. § 1291.  *See* 915 F.2d at 574-75.  A collateral order is one that "finally determines an issue that is separate from the merits of the litigation . . . and that cannot be effectively reviewed on appeal from the final judgment in the litigation."  *Bd. of Educ. v. Ill. State Bd. of Educ.*, 79 F.3d 654, 656 (7th Cir. 1996).  In *Donges*, the Tenth Circuit addressed the denial of a motion for summary judgment based on qualified immunity, which is an

obvious example of an issue that is separate from the merits of the suit and that, if denied, cannot be effectively reviewed after final judgment. The court explained that "[w]hen the interlocutory appeal is from . . . the denial of a motion for summary judgment based on qualified immunity, the central issue in the appeal is the defendant's asserted right not to have to proceed to trial." *Donges*, 915 F.2d at 575-76.

In the instant case, Defendants' appeal does not involve consideration of the collateral order exception. Even if Defendants had properly appealed entry of the preliminary injunction, the central issue on appeal would only be whether the Court's decision – as to the specific conduct underlying the preliminary injunction – was correct. A decision on that question by the Tenth Circuit would not affect this Court's ability to determine the other matters pending in the case. For example, the Court would not be precluded from holding a trial or ruling on summary judgment motions and either making the injunction permanent or declining to do so. *See Moltan Co.*, 55 F.3d at 1174-75; *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 883 (5th Cir. 1993); *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1349-50 (2d Cir. 1989); *State of Ala. v. U.S. E.P.A.*, 871 F.2d 1548, 1553-54 (11th Cir. 1989). Nor would the Court be precluded from ruling on Plaintiffs' motion for sanctions. *See Consumers Gas & Oil v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996) (noting that, "[g]enerally, a party to a pending proceeding may not appeal from an order of civil

contempt except as part of an appeal from a final judgment" (quotation marks and citation omitted)); *Terry*, 886 F.2d at 1350 ("contempt judgments . . . are interlocutory orders that must await final judgment").

A closer question is presented by Defendants' argument that the Court's decision on the initial preliminary injunction "concerns the very same issues that pervade . . . Plaintiffs' request for a supplemental injunction . . . ." (Doc. # 156 at 2.) To be sure, the initial injunction and the supplemental injunction, which is currently pending (*see* Doc. # 109), contain overlapping legal inquiries. But they also relate to separate conduct, which occurred at distinct points in time. Moreover, the Court's consideration of Plaintiffs' outstanding motion for a supplemental injunction will benefit from the record having been developed since entry of the initial injunction – a reality clearly indicated by Defendants' recent request for an evidentiary hearing on the supplemental injunction. (*See* Doc. # 172 at 2.)

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants' "Motion to Stay Case Pending Appeal" (Doc. # 145) is DENIED.

DATED: January   30  , 2013

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge